## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Capitol Indemnity Corporation,                               Civil No. 08-651 (DWF/RLE)

       Plaintiff,

v.                                                                                    **MEMORANDUM
OPINION AND ORDER**

Wonder Years Pre-School, Inc.;
Denise Renee Clusiau; Stacy Marie
Peroceschi; Shawn Marie Savolainen;
Deanne Elizabeth Faulkner, Eileen Berg
Korpi; and Linda Diane Nelson,

       Defendants.

_____

Daniel R. Gregerson, Esq., Joseph A. Nilan, Esq., Siira B. Gunderson, Esq., Gregerson Rosow Johnson & Nilan, Ltd., counsel for Plaintiff Capitol Indemnity Corporation.

Brian P. Farrell, Esq., Brian P. Farrell PA, counsel for Defendants Wonder Years Pre-School, Inc., Denise Renee Clusiau, Stacy Marie Peroceschi, Shawn Marie Savoloinen, Deanne Elizabeth Faulkner, and Eileen Berg Korpi.

Patrick T. Tierney, Esq., Collins Buckley Sauntry & Haugh PLLP, counsel for Linda Diane Nelson.
_____

      This matter is before the Court on a Motion for Summary Judgment brought by Plaintiff Capitol Indemnity Corporation ("Capitol"). For the reasons stated below, the Court grants the motion.

## BACKGROUND

On September 20, 2004, Defendant Wonder Years Pre-School ("Wonder Years") obtained a Commercial Business Owner's Policy, policy number BP00329564 (the "Policy"), from Capitol. The Policy provides in part as follows:

**A.** **Coverages**

    **1.** **Business Liability**

        **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. . . .

        . . . .

        **b.** This insurance applies:
            **(1)** To "bodily injury" and "property damage" only if:
                **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
                **(b)** The "bodily injury" or "property damage" occurs during the policy period.
            **(2)** To:
                **(a)** "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;
                **(b)** "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;
            but only if the offense was committed in the "coverage territory" during the policy period.

(Aff. of Joseph A. Nilan ("Nilan Aff.") ¶ 4, Ex. A at Bates number CIC 24.)  The term "personal injury" is defined as "injury, other than 'bodily injury', arising out of . . . [o]ral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services."  (*Id*. at Bates number CIC 36-7.)  The Policy further defines "occurrence" as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."  (*Id*. at Bates number CIC 36.)

The Policy contains an "Employment-Related Practices Exclusion."  This exclusion provides:

> This insurance does not apply to:
> **1.** "Bodily Injury" or "personal injury" to:
> **a.** A person arising out of any:
> . . .
> **(3)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person[.]

(*Id*. at Bates number CIC 44.)

Defendant Linda Diane Nelson was the Director of Defendant Wonder Years from approximately May 2001 through August 10, 2004, the date of her resignation.  Her duties as the Director included depositing tuition and fundraising money.  Nelson also had a credit card in the name of the Wonder Years to make purchases on behalf of Wonder Years.

On December 28, 2004, Nelson attended a meeting with Defendants Denise Renee Clusiau, Stacy Marie Peroceschi, Shawn Marie Savolainen, Deanne Elizabeth Faulkner,

3

and Eileen Berg Korpi (together with Wonder Years Preschool, Inc., the "Wonder Years Defendants").  During this meeting, Nelson was accused of stealing funds, misappropriating funds, and conducting suspicious transactions while acting as Director of Wonder Years.  Nelson was given one month to repay the allegedly stolen funds.  After the deadline passed with no action by Nelson, Savolainen contacted the Nashwauk Police Department.  (Nilan Aff. ¶ 6, Ex. C at 154.)  After an investigation, the State of Minnesota brought a criminal action.  *State of Minn. v. Linda Diane Nelson*, Itasca County Court File No. CR-06-1053.  After a jury trial, Nelson was found not guilty.

On September 25, 2007, Nelson commenced an action against the Wonder Years Defendants in state court (the "Underlying Action").  In the Underlying Action, Nelson alleges that the Wonder Years Defendants made false and defamatory statements, namely that Nelson had stolen and misappropriated money.  (Nilan Aff. ¶ 7, Ex. D.)  Nelson further alleges that her reputation was injured, her credit rating harmed, and that she suffered physical and emotional damages as a result of the Wonder Years Defendants' actions.

On March 10, 2008, Capitol brought this declaratory judgment action.  Capitol seeks a determination that Capitol has no obligation to defend or indemnify the Wonder Years Defendants or Nelson in the Underlying Action.  Nelson filed a memorandum in

opposition to Capitol's motion for summary judgment; the Wonder Years Defendants filed a separate opposition memorandum.[1]

## DISCUSSION

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that

---

[1] The Court refers primarily to Nelson's opposition memorandum, as the Wonder Years Defendants concur with Nelson's legal analysis. (*See* Wonder Years Defs.' Mem. in Opp'n to Pl.'s Mot. for Summ. J. at 4.)

there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

The issue before the Court is whether the Policy's Employment-Related Practices Exclusion excludes coverage for Nelson's alleged personal injury arising out of the Wonder Years Defendants' alleged defamation.  Capitol asserts that the alleged defamatory statements in this case are excluded from coverage under the Policy because they arose out of an employment-related practice, policy, act, or omission.  Nelson asserts that the Employment-Related Exclusion does not bar coverage of her defamation claims because the allegedly defamatory statements were not made while she was an employee and did not arise out of an employment-related practice.

General principles of contract interpretation govern the construction of insurance contracts.  *Thommes v. Milwaukee Ins. Co.*, 641 N.W.2d 877, 880 (Minn. 2002); *Lobeck v. State Farm Mut. Auto. Ins. Co.*, 582 N.W.2d 246, 249 (Minn. 1998).  The correct interpretation of a clause in an insurance policy is a question of law.  *Haarstad v. Graff*, 517 N.W.2d 582, 584 (Minn. 1994).  Words in insurance contacts are given their plain and ordinary meaning.  *Am. Family Ins. Co. v. Walser*, 628 N.W.2d 605, 609 (Minn. 2001).  Policy exclusions in insurance contracts are to be strictly construed against the insurer.  *Thommes*, 641 N.W.2d at 880.

Nelson asserts that her defamation claim is based on allegedly defamatory statements made by the Wonder Years Defendants after Nelson resigned in August 2004.  In the complaint in the Underlying Action, Nelson alleges that after a jury found Nelson not guilty, the Wonder Years Defendants "continued to falsely and maliciously accuse

[Nelson] of stealing and misappropriating funds from Wonder Years Preschool, Inc." (Nilan Aff. ¶ 7, Ex. D. at ¶ 11.)  With respect to this allegation, Nelson specifically asserts that Savolainen told a reporter that the Wonder Years Defendants were disappointed in the decision in the criminal case, but that "the facts of the matter still stand"; that Clusiau told a reporter that Wonder Years was holding a fundraiser to pay off debts due to "previously mismanaged school funds"; that the Wonder Years Defendants stated that Nelson was responsible for Wonder Years' credit card debt; and that the Wonder Years Defendants "continued to tell people that they disagreed with the jury verdict in the criminal case, that Linda Nelson had stolen or misappropriated funds from Wonder Years Preschool, and that the ongoing financial problems of Wonder Years Preschool were caused by Plaintiff's mismanagement and theft of funds."  (Aff. of Patrick T. Tierney in Opp'n to Pl.'s Mot. for Summ. J. ¶ 2, Ex. A at 11-12.)  Nelson alleges that such defamatory statements were made to parents of preschool students, Nelson's neighbors, Nelson's children's classmates and their parents, the police department, the county attorney's office, and various media outlets.  Nelson asserts that these statements are not subject to the Employment-Related Practices Exclusion because the statements were made after Nelson's employment with Wonder Years ceased and were not related to an employment-related practice.

The fact that the allegedly defamatory statements were made after Nelson's tenure at Wonder Years does not preclude a finding that the statements fall under the exclusion. The Eighth Circuit Court of Appeals has determined that an employment-related practices exclusion applies to statements made after a working relationship has ended, so

long as the statements "arise out of" the employment relationship.  *See Capitol Indemnity Corp. v. 1405 Assocs., Inc.*, 340 F.3d 547, 550 (8th Cir. 2003).  Moreover, the policy language "arising out of" is to be interpreted broadly when used in an exclusion to limit coverage.  *Murray v. Greenwich Ins. Co.*, 533 F.3d 644, 649-50 (8th Cir. 2008) ("The phrase 'arising out of' has been given broad meaning by Minnesota Courts . . . [and] has also been held to mean originating from, or having its origins in, growing out of, or flowing from.").  Here, the allegedly defamatory statements were all to the effect that Nelson misappropriated and mismanaged funds during her employment at Wonder Years.  While these statements were allegedly made to various people after Nelson's employment ended at Wonder Years, the statements all concern her alleged misconduct during her employment.  The Court concludes that the statements arose out of the employment relationship and fall under the Employment-Related Practices Exclusion.  Therefore, the exclusionary provision operates to deny coverage and Capitol has no duty to defend or indemnify the Wonder Years Defendants or Nelson in the Underlying Action.

## CONCLUSION

1.   Capitol's Motion for Summary Judgment (Doc. No. 23) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 7, 2009                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           Judge of United States District Court